People v Brown (2026 NY Slip Op 01131)

People v Brown

2026 NY Slip Op 01131

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Ind No. 73482/22|Appeal No. 5928|Case No. 2023-03543|

[*1]The People of the State of New York, Respondent,
vBrian Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Shiv R. Rawal of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered June 26, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation prohibiting defendant "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and the condition of probation requiring defendant to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Berry, 242 AD3d 644, 645 [1st Dept 2025], lv denied 44 NY3d 1050 [2025]; People v Rivera, 242 AD3d 421, 422 [1st Dept 2025]). In any event, we perceive no basis to reduce his sentence.
Defendant's appeal waiver does not foreclose his challenges to the legality of the conditions of his probation and do not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]); People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). As to defendant's challenge to the condition requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," the court providently deemed this condition reasonably related to defendant's rehabilitation because he struggled with substance abuse and had multiple drug-related felony convictions (see Lowndes, 239 AD3d at 575).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," and the probation condition requiring that he pay the mandatory surcharge and court fees, are stricken. There is no evidence that the 65-year-old defendant had any history of gang membership or that his conduct was connected to gang activity, and defendant remains indigent. Thus, those conditions are not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]; Alvarez, 233 AD3d at 620). We note that the People do not oppose this relief.
Defendant's constitutional as-applied challenges to his probation conditions under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments are foreclosed by his valid waiver of appeal (see People v Johnson, — NY3d &mdash, &mdash, 2025 NY Slip Op 06528, *2 [2025]; Lowndes, 239 AD3d at 575). To the extent that his challenges to condition 7 can be deemed as facial challenges, as the People contend, they are unpreserved, and we decline to review them in the interest of justice (see Johnson, 2025 NY Slip Op 06528, *2-3; People v Cabrera, 41 NY3d 35, 42-51 [2023]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026